UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,              **Civil Case No. 1:19-CV-284 GLS/CFH**

   -against-

UNION COLLEGE, THE BOARD OF TRUSTEES
OF UNION COLLEGE, MELISSA A. KELLEY,
Individually and as an agent for Union College,
TRISH WILLIAMS, individually and as an agent
for Union College; DARCY A. CZAJKA, individually
and as an agent for Union College,

                Defendants.

# REPLY MEMORANDUM OF LAW

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.
Attorneys for Defendants
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2396
Phone: (518) 465-3484

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT ..................................................................................................... 1

    I.      PLAINTIFF FAILED TO REBUT DEFENDANTS' ENTITLEMENT TO DISMISSAL OF THE FIRST AND SECOND CAUSES OF ACTION BROUGHT UNDER TITLE IX ........................................................... 1

          A.  Plaintiff failed to rebut the defendants' entitlement to dismissal of plaintiff's first cause of action for "sexually hostile educational environment" ................................................................................... 1

          B.  Plaintiff failed to rebut the defendants' entitlement to dismissal of plaintiff's second cause of action for "deliberate indifference" following plaintiff's complaint of sexual misconduct ................................... 5

    II.     PLAINTIFF FAILED TO REBUT THE DEFENDANTS' DISMISSAL OF THE THIRD CAUSE OF ACTION FOR NEGLIGENCE ................................. 7

    III.   PLAINTIFF'S FAILURE TO ADDRESS DEFENDANTS' MOTION TO DISMISS THE FOURTH CAUSE OF ACTION FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS DEEMS THE CLAIM ABANDONED ............................................................... 9

    IV.   PLAINTIFF FAILED TO REBUT THE DEFENDANTS' ENTITLEMENT TO DISMISSAL OF THE FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT ........................................................................................... 10

          i.    Prompt, fair, and impartial adjudication process ...................... 11

          ii.   Initiate the disciplinary process ............................................... 12

          iii.  Respondent's review of the underlying complaint .................... 12

          iv.  Attendance at the Pre-Decision Conference ............................ 13

          v.   Time taken to conduct the adjudication process ...................... 13

CONCLUSION................................................................................................ 15

**TABLE of AUTHORITIES**

**Page**

**Cases Cited**

Alexander v. Sandoval, 532 U.S. 275 (2001)......................................................4

Biller v. Excellus Health Plan, Inc., 2015 U.S. Dist. LEXIS 121150 (N.D.N.Y. 2015).........10

Crandell v. New York Coll. of Osteopathic Med., 87 F. Supp. 2d 304 (S.D.N.Y. 2000).......3

Davis v. Monroe County. Bd. of Educ., 526 U.S. 629 (1999)..........................................1,2,5

DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104 (2d Cir. 2010).............................................1

Doe v. E. Haven Bd. of Educ., (200 Fed. Appx. 46 [2d Cir. 2006]).....................................5

Doe v. Univ. of the South, (2011 U.S. Dist. LEXIS 35166 [E.D. Tenn. 2011]) .....................8

Eiseman v. State, 70 N.Y.2d 175 (1987) ...............................................................................8

Faiaz v. Colgate Univ., 64 F.Supp.3d 336 (N.D.N.Y. 2014)..............................................1,8

Jane Doe v. Hobart and William Smith Colleges, Case No. 6:17-cv-6762
(W.D.N.Y. March 11, 2019) ...........................................................................................2,8,9

Hamilton v. Beretta U.S.A. Corp., 96 N.Y.2d 222, 264 F.2d 21 (2d Cir. 2001) ...................8

Pasquaretto v. Long Island Univ., 106 A.D.3d 794 (2d Dep't 2013) ...................................8

Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009) ..................................................1

Rolph v. Hobart & William Smith Colls., 271 F.Supp.3d 386 (W.D.N.Y. 2017).................11

Routh v. University of Rochester, 981 F.Supp.2d 184 (W.D.N.Y. 2013)............................14

Simpson v. Univ. of Colo. Boulder, 500 F.3d1170 (10th Cir. 2007) ...................................2,3

Taylor v. City of New York, 269 F.Supp.2d 68 (E.D.N.Y. 2003)........................................10

Tolbert v. Queens Coll., 242 F.3d 58 (2d Cir. 2001)...........................................................4

Tubbs v. Stony Brook Univ., 2016 U.S. Dist. LEXIS 28465 (S.D.N.Y 2016).................2,3,4

United States v. Morrison, 529 U.S. 598 (2000) .................................................................7

Williams v. Bd. of Regents of Univ. Sys. of Georgia, (411 F.3d 1282 [11th Cir. 2007]) ........6

Wright v. Ernst & Young, LLP, 152 F.3d 169 (2d Cir. 1998) .............................................. 13

Yu v. Vassar Coll., 97 F. Supp. 3d 448 (S.D.N.Y. 2015) ....................................................... 4

## PRELIMINARY STATEMENT

Defendants, Union College, the Board of Trustees of Union College, Melissa Kelley, Trish Williams and Darcy Czajka (hereinafter "defendants"), respectfully submit this Reply Memorandum of Law in further support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of plaintiff's First Amended Complaint, with prejudice and on the merits, based on failure to state a claim upon which relief can be granted, together with such other and further relief as the Court may deem just and proper.

## ARGUMENT[1]

## POINT I

### PLAINTIFF FAILED TO REBUT DEFENDANTS' ENTITLEMENT TO DISMISSAL OF THE FIRST AND SECOND CAUSES OF ACTION BROUGHT UNDER TITLE IX

**A. Plaintiff failed to rebut the defendants' entitlement to dismissal of plaintiff's first cause of action for "sexually hostile educational environment"**

As a preliminary matter, there is an important distinction between the categories of claims brought under Title IX.  There are separate standards for claims that concern allegations about an institution's procedures in *responding* to allegations of sexual assault and of claims that concern allegations that the institution's policy itself *caused* the underlying rape or assault.  *See*, Davis v. Monroe County Bd. of Educ., 526 U.S. 629,645–

---

[1] Plaintiff's opposition papers include several allegations which are either not alleged in the First Amended Complaint, or which are mischaracterized in comparison with the allegations in the First Amended Complaint.  The defendants object to any statements which are not alleged in the First Amended Complaint, the court is limited to the allegations in the complaint, answer, and the documents integral to the complaint. Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014), *citing*, DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010); Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009) (other citations omitted).

647 (1999); <u>Jane Doe</u>, Case No. 6:17-cv-6762, pp. 27–28 (W.D.N.Y. March 11, 2019). Plaintiff's first cause of action alleges, in part, that Union is liable under Title IX for "instituting policies and permitting practice" which improperly investigated and adjudicated female students' complaints of sexual misconduct. Compl. ¶ 242. As such, plaintiff's first cause of action involves allegations that Union's policy caused the underlying sexual misconduct alleged in the First Amended Complaint. <u>Id.</u> Plaintiff's allegations that Union was deliberately indifferent following the alleged sexual misconduct are addressed in Point II herein.

To successfully claim an institution violated Title IX through a policy of deliberate indifference, the plaintiff must allege that the school had actual notice that the policy at issue created a heightened risk of sexual harassment. <u>Jane Doe</u>, Case No. 6:17-cv-6762, p. 28. Knowledge can be alleged where defendants receive "actual notice about specific policies of theirs that were deficient;" (<u>Tubbs v. Stony Brook Univ.</u>, 343 F. Supp. 3d 292, 319 [S.D.N.Y. 2018]) or where an official policy creates an "obvious" risk of Title IX violations. <u>Simpson v. Univ. of Colo. Boulder</u>, 500 F.3d 1170, 1181 (10th Cir. 2007).

Plaintiff alleges that Union's Sexual Misconduct Policy, and alleged pattern of failing to adequately address complaints of sexual misconduct, *caused* the sexual misconduct set forth in the First Amended Complaint. Compl. ¶ 242. Under the standard set forth in <u>Davis</u> (526 U.S. 629 [1999]), plaintiff can adequately plead a claim against Union based upon its conduct before the alleged sexual misconduct on September 3, 2017, only by alleging that Union had "actual notice" that its policies and procedures were causing harm to the plaintiff. Indeed, the "institution at minimum must have possessed enough knowledge of the harassment upon which plaintiff's legal claim is based."

Crandell v. New York Coll. of Osteopathic Med., 87 87 F. Supp. 2d 304, 320 (S.D.N.Y. 2000).

Plaintiff has not alleged sufficient facts to support a plausible inference that Union is liable for maintaining policies or procedures of deliberate indifference which caused the alleged sexual misconduct.   Plaintiff fails to allege additional facts to support her allegations that Union engaged in the alleged discriminatory practices when responding to other Title IX complaints of sexual misconduct. Tubbs v. Stony Brook Univ., 2016 U.S. Dist. LEXIS 28465, at *28 (S.D.N.Y. 2016).   The First Amended Complaint merely speculatively, and harmfully, claims that "in the past several years" five womens' complaints of sexual misconduct were inadequately investigated and/or adjudicated by Union. Compl. ¶ 105–07.  Notably these claims, although allegedly taking place over the past several years, are raised by plaintiff for the first time in the First Amended Complaint. These broad and speculative claims, without any reference to the policy or practice of Union which resulted in harm to plaintiff or put her at risk of harm, are insufficient to support a claim that Union's policy caused harm to the plaintiff, or that there was an obvious risk of harm.

The First Amended Complaint does not allege that Union had an official policy that encouraged students to engage in conduct that created an obvious risk of sexual harassment.[2] Compare, Simpson, 500 F.2d at 1185.  Nor has plaintiff alleged facts suggesting that Union received notice of deficiencies in the Sexual Misconduct Policy and

---

[2] Plaintiff's First Amended Complaint alleges that Union had notice of various misconduct on behalf of the fraternity TD Chi. Compl. ¶¶ 28–35. However, it is not alleged that the alleged assailant was a member of the TD Chi fraternity, or that the alleged sexual misconduct took place at the TD Chi fraternity. Indeed, the only activity attributed to TD Chi is that a party was hosted by TD Chi wherein plaintiff met the alleged assailant. Compl. ¶ 44.

failed to remedy them before the alleged sexual misconduct. *Compare*, <u>Tubbs</u>, 2016 U.S. Dist. LEXIS at *29. Indeed, plaintiff has not even identified policy provisions that she claims are problematic. Rather, plaintiff has made broad and unsupported allegations of misconduct by Union which fail to identify, with any particularity, the alleged violations of Title IX prior to the alleged September 3, 2017 sexual misconduct which caused harm to plaintiff. As such, plaintiff fails to establish that Union's policies or procedures caused the sexual misconduct alleged in the First Amended Complaint.

In addition, plaintiff's first cause of action fails to plausibly allege that Union violated Title IX by discriminating against plaintiff based on her sex as set forth in Point I(a) of the defendants' motion to dismiss. It is important to note that plaintiff inaccurately claims that "disparate treatment" is sufficient to allege a violation under Title IX. (Dkt. 26, pp. 18–19). It is axiomatic that disparate impact claims may *not* be brought under Title IX; Title IX prohibits only intentional discrimination. *See*, <u>Alexander v. Sandoval</u>, 532 U.S. 275, 280 (2001); <u>Yu v. Vassar Coll.</u>, 97 F. Supp. 3d 448 (S.D.N.Y. 2015); <u>Tolbert v. Queens Coll.</u>, 242 F.3d 58, 69 (2d Cir. 2001).

With regard to plaintiff's allegations that the investigation and adjudication process did not comply with the Policy, the defendants specifically addressed Union's compliance with its Policy through the investigation and adjudication process in its underlying motion. (Dkt. 23-3, pp. 2–10, 26–32). The defendants rely on those arguments in rebuttal to plaintiff's repetition of the allegations contained in the First Amended Complaint. Defendants also address compliance with the Policy in Point IV, below. Based on the foregoing, the defendants' are entitled to dismissal of plaintiff's first cause of action.

**B. Plaintiff failed to rebut the defendants' entitlement to dismissal of plaintiff's second cause of action for "deliberate indifference" following plaintiff's complaint of sexual misconduct**

Plaintiff's First Amended Complaint fails to state a cause of action for a violation of Title IX based upon a deliberate indifference theory, as Union's response to the allegation of sexual misconduct was not "clearly unreasonable in light of the known circumstances." Davis, 526 U.S. at 648.  Plaintiff's First Amended Complaint clearly shows that once plaintiff filed a complaint of sexual misconduct with the Title IX office, an investigation was immediately commenced.  As set forth under the Policy, a disciplinary proceeding of one student against another is commenced by the filing of a complaint form and statement. (compl. ¶¶ 110-115).  Union then undertook to promptly investigate and adjudicate the complaint once plaintiff's complaint was filed.  There are no allegations in the First Amended Complaint that there was any delay in reaching a resolution in this matter once plaintiff commenced the disciplinary process by submitting a complaint.  In fact, the First Amended Complaint alleges that the investigators had already been assigned and were conducting their investigations by February 8, 2018.  Compl. ¶ 121.  Without admitting that plaintiff's First Amended Complaint set forth the full factual context following plaintiff and Ms. Kelley's initial meeting, the First Amended Complaint shows that Union began its disciplinary proceeding immediately upon receipt of plaintiff's complaint.

Plaintiff's reliance on Doe v. E. Haven Bd. of Educ. (200 Fed. Appx. 46, 48–49 [2d Cir. 2006]) is misplaced.  In East Haven Board of Education, the plaintiff reported sexual misconduct to the school five weeks before the complaint was addressed. 200 Fed. Appx. at 48.  In the intervening weeks, she was verbally abused by other students due to her

allegations, was crying and visibly upset at school, and was consistently absent from school during the intervening period before the school addressed the situation. Id.

Reliance on Williams v. Bd. of Regents of Univ. Sys. of Georgia (411 F.3d 1282 [11th Cir. 2007]) is also misplaced. Williams involved the recruitment of a student athlete who had a known history of past sexual misconduct, and the subsequent failure of the university's staff to supervise the alleged assailant given their knowledge of this past conduct. 477 F.3d at 1296. In addition, the university in Williams waited eight months after conducting its initial investigation to commence a disciplinary proceeding. 477 F.3d at 1297.

These cases are clearly distinct from this case. Whereas, in those cases the respective institutions failed to take actions to discipline the alleged assailants, and the delay in and of itself caused harassment and harm to students, the First Amended Complaint alleges that a No Contact Order was instituted to protect plaintiff during the pendency of the investigation on January 18, 2018 (compl. ¶¶ 110, 114). This occurred even prior to plaintiff filing her complaint on January 22, 2018. Compl. ¶ 115.

Plaintiff's First Amended Complaint does not allege that Union failed to timely investigate and adjudicate plaintiff's complaint of sexual misconduct. Plaintiff's late blooming allegations that Union did not timely complete this process (found only in the memorandum of law in opposition to this motion), which included full adjudication and an appeal by plaintiff, should not be considered by the Court. Plaintiff filed an amended complaint and neither raised these allegations in the First Amended Complaint nor moved to amend her complaint to include these allegations. Plaintiff's allegations, raised in

opposition to the defendants' motion to dismiss, and not in a signed pleading, are improper.

It should also be noted that plaintiff argues that Union failed to follow federal guidance in its handling of plaintiff's complaint. However, plaintiff does not point to any federal statutes or regulations in support of these claims. In fact, the only federal guidance actually referenced by plaintiff is a Dear Colleague Letter that was rescinded in September 2017. (Dkt. 28, p. 17, FN. 8). Plaintiff's blanket claim that Union failed to comply with federal law and agency guidelines, without citing to the provisions actually violated, is unpersuasive. In addition, plaintiff's repeated reliance on the Violence Against Women Act is also unpersuasive, as plaintiff does not have a cause of action under the Act. United States v. Morrion, 529 U.S. 598, 627 (2000).[3]

Based on the foregoing, the second cause of action fails to state a cause of action for deliberate indifference, and therefore defendants are entitled to dismissal of this claim.

**POINT II**

**PLAINTIFF FAILED TO REBUT THE DEFENDANTS' DISMISSAL OF THE THIRD CAUSE OF ACTION FOR NEGLIGENCE**

Plaintiff's opposition fails to rebut the defendants' entitlement to dismissal of plaintiff's third cause of action for negligence. Plaintiff's opposition argues that the defendants owed plaintiff a duty by nature of the school-student relationship. (Dkt. 26, pp. 24–25). Plaintiff's First Amended Complaint does not allege that Union College had a relationship with either plaintiff or her alleged assailant beyond that of a university and

---

[3] Although plaintiff argues that it is not asserting a cause of action under the Violence Against Women Act (dkt. 26, FN. 2), plaintiff continually relies on the Act and its provisions as the basis for its Title IX claims (dkt. 26, pp. 24–25).

its students.  As set forth in defendants' underlying motion, a college has no common law

legal duty to protect students from being sexually assaulted by other students.  *See*,

Eiseman v. State, 70 N.Y.2d 175, 192 (1987).  New York courts have affirmatively rejected

the doctrine of "in loco parentis" at the college level.  Faiaz v. Colgate Univ., 64 F. Supp.

3d 336, 362 (N.D.N.Y. 2014) (citing Pasquaretto v. Long Island Univ., 106 A.D.3d 794,

795 [2d Dep't 2013] for the proposition that the college had no legal duty to shield its

students from the dangerous activity of other students.)  As plaintiff fails to allege that

Union owed a specific duty to her, rather than a general duty to society, the First Amended

Complaint does not state a claim for negligence.  *See*, Hamilton v. Beretta U.S.A. Corp.,

96 N.Y.2d 222, 232, *opinion after cert, question answered,* 264 F.2d 21 (2d Cir. 2001)

(internal quotation omitted).

Just as in Jane Doe v. Hobart and William Smith Colleges (provided to the Court

by plaintiff's counsel as Exhibit 1 to the Declaration of Gabrielle M. Vinci), plaintiff argues

in this case that the Court should adopt the reasoning of the Tennessee court in Doe v.

Univ. of the South (2011 U.S. Dist. LEXIS 35166 [E.D. Tenn. 2011]) to support a finding

of negligence against the defendants in this case.  Plaintiff argues that "Tennessee, like

New York, recognizes a duty of care to avoid harm to others."  (Dkt. 26, p. 23).  The

Western District of New York in Jane Doe did not apply the standard set forth in University

of the South, specifically reasoning as follows:

> To establish that [the university] assumed a duty of care in the
> circumstances of the case, Plaintiff must show that [the university]'s
> response to her Title IX complaints placed Plaintiff in a more vulnerable
> position than she would have been in had [the university] never taken any
> action at all.  Even assuming that Plaintiff plausibly alleged that the
> [university]'s "sexually hostile policies . . . made the likelihood of sexual
> violence toward [its] female students foreseeable" . . ., merely alleging that

[the university]'s policies perpetuated this risk does not establish an assumed duty. Case 6:17-cv-06762, p. 40.

Similarly in this case, the First Amended Complaint alleges that Union breached its "duty of reasonable care to protect Plaintiff from a sexually hostile environment which the Defendants fostered[.]" Compl. ¶ 261. As the First Amended Complaint does not allege that Union's Sexual Misconduct Policy made the likelihood of sexual violence toward its female students foreseeable, plaintiff fails to state a cause of action for negligence.

In addition, the First Amended Complaint does not allege that the failure to properly investigate "actively enhance[d]" the risk plaintiff faced prior to filing a Title IX complaint or create any new risks for plaintiff. *See*, Jane Doe, Case No. 6:17-cv-6762, p. 41 (W.D.N.Y. March 11, 2019). As such, plaintiff has not alleged that Union assumed a duty based on plaintiff's reliance. Furthermore, as set forth in the defendants' Memorandum of Law, there is no cause of action in the State of New York for negligent prosecution or investigation. (Dkt. 23-3, p. 28, FN. 6).

Based on the foregoing, plaintiff's claim that Union College owed her a duty fails as a matter of law, and therefore plaintiff's third cause of action for negligence must be dismissed as it fails to state a cause of action.

## POINT III

### PLAINTIFF'S FAILURE TO ADDRESS DEFENDANTS' MOTION TO DISMISS THE FOURTH CAUSE OF ACTION FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS DEEMS THE CLAIM ABANDONED

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the

argument in any way." Taylor v. City of New York, 269 F.Supp.2d 68, 75 (E.D.N.Y. 2003). "[W]hen a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden." Biller v. Excellus Health Plan, Inc., 2015 U.S. Dist. LEXIS 121150, at *27 (N.D.N.Y. 2015).

Plaintiff's opposition fails to address the defendants' argument that her claim for negligent and/or intentional infliction of emotional distress must be dismissed for failure to state a cause of action. (Dkt. 26). Therefore, defendants' need only satisfy the "modest burden" imposed on a moving party in light of the nonmovant's abandonment of her claim. See, Biller, 2015 U.S. Dist. LEXIS at *27. Plaintiff's First Amended Complaint alleges that Union failed to comply with the Policy and applicable federal guidance in investigating and adjudicating plaintiff's complaint of sexual assault. Compl. ¶¶ 269–71. As set forth in the defendants' motion to dismiss, plaintiff fails to plead any conduct by Union College that meets the type of extreme and outrageous conduct required to state an IIED claim. (Dkt. 23-3, pp. 22-26). As plaintiff's fourth cause of action fails to state a claim for either negligent or intentional infliction of emotional distress, and as plaintiff has abandoned this claim, it must be dismissed.

## POINT IV

### PLAINTIFF FAILED TO REBUT THE DEFENDANTS' ENTITLEMENT TO DISMISSAL OF THE FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT

Plaintiff failed to rebut the defendants' entitlement to dismissal of plaintiff's breach of contract claim based upon breach of contract.  Indeed, the First Amended Complaint

emphasizes Union's full compliance with the Policy in investigating and adjudicating plaintiff's complaint of sexual misconduct.

The First Amended Complaint generally alleges that the defendants "intentionally and repeatedly failed to abide by the Police and/or Administrative Policy to the direct detriment of Plaintiff[.]" Compl. ¶ 281.  Plaintiff's opposition more particularly claims that Union failed to render the following "services" to plaintiff:

> (i) to conduct a prompt, fair, and impartial adjudication process; (ii) initiate the disciplinary process; (iii) give Roe a copy of Plaintiff's complainant statement <u>after</u> he submits his respondent statement; (iv) hold a Pre-Conference Hearing with either the Title IX Coordinator or counsel after the Hearing Panel has fully reviewed the investigative materials; and (v) complete the adjudication process within sixty days or otherwise inform the parties of any need to exceed the sixty day timeframe. (Dkt. 26, p. 29).

The defendants' underlying motion to dismiss addresses each of the allegations in the First Amended Complaint related to the investigation and adjudication of plaintiff's sexual misconduct claim under the Policy.  (Dkt. 23-3, pp. 8–15, 26–32).  The defendants' address each of the above allegations raised in plaintiff's opposition below.

### i.   Prompt, fair, and impartial adjudication process

Plaintiff's allegation that Union failed to conduct a prompt, fair and impartial adjudication process is insufficient to allege a breach of contract claim.  Plaintiff took this language from the Policy's introductory paragraph which states generally that the adjudication process "is intended to be prompt, fair and impartial[.]" Murphy Aff. Ex. A, p. 38.  Under New York law, "'[g]eneral statements of policy' or 'broad pronouncements of [a] University's compliance with existing anti-discrimination laws, promising equitable treatment of all students' cannot provide the basis for a breach of contract claim." <u>Rolph v. Hobart & William Smith Colls.</u>, 271 F. Supp. 3d 386, 406 (W.D.N.Y. 2017) (internal

quotations omitted).   This broad policy statement from the introductory language of the Policy is not sufficiently particular to constitute a breach of contract claim against Union.

### ii.   Initiate the disciplinary process

As set forth above in Point II, and in Point I(b) of the defendants' motion to dismiss, Union promptly initiated the disciplinary process upon receipt of plaintiff's complaint.   The Policy is clear that "[f]or a Complainant to file a disciplinary complaint against a student, the Complainant must submit a written statement detailing the allegations of sexual misconduct[.]" Murphy Aff. Ex. A, p. 40.   Once plaintiff filed her complaint, the disciplinary process was commenced under the Policy.   Murphy Aff. Ex. A, p. 39; compl. ¶ 115.   In fact, a No Contact Order was instituted for the protection of the plaintiff on January 18, 2019 (compl. ¶ 114), even prior to plaintiff's submission of her complaint.   Compl. ¶ 115.

### iii.   Respondent's review of the underlying complaint

Respondent was properly able to review the complaint form filed by plaintiff prior to submitting his statement.   Under the Policy, there are three documents required to be filed by a complainant to commence a disciplinary action against a Union student:

> (1) a complaint form including the time, date, location, and brief description of the allegations underlying the disciplinary action (Murphy Aff. Ex. A, p. 40);
>
> (2) a complainant's statement detailing the allegations of sexual misconduct (id. at pp. 40–41); and
>
> (3) a signed Limited Disclosure/Non-Retaliation Acknowledgement (id. at pp. 41–41).

Under the Policy, the respondent is notified of the complaint, and given an opportunity to submit a written response to the complaint form.   Id. at p. 46.   The complainant's statement is not given to the respondent to review until after he or she submits the

respondent's statement in response to the complaint form. Id. at p. 41. The complaint

form was properly given to respondent to review prior to filing his respondent's statement.

### iv.   Attendance at the Pre-Decision Conference

The pre-decision conference was properly attended. The Policy states that

"[p]resent at the Pre-Decision Conference will be the Complainant and their advisor or the

Respondent and their advisor as well as the [Adjudication] Panel members, the Title IX

Coordinator, **and/or** College Counsel." Murphy Aff. Ex. A, p. 52 (emphasis supplied).

Plaintiff's pre-decision conference was properly attended by plaintiff and her advisor as

well as the Adjudication Panel. Compl. ¶ 51. The Policy is clear that the Title IX

Coordinator and/or College Counsel *may* be present, but are not required for the pre-

decision conference to be held. Murphy Aff. Ex. A, p. 52. The Policy is also clear that

the Panel Chair is free to consult with college counsel at any time. Id.

### v.   Time taken to conduct the adjudication process

The defendants object to plaintiff's argument based upon the timeliness of the

adjudication process. The First Amended Complaint does not allege that Union failed to

conduct the adjudication of plaintiff's complaint of sexual misconduct within 60 days. As

such, it is improper for plaintiff to raise this claim for the first time in response to the

defendants' motion to dismiss. *See*, Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d

Cir. 1998) (declining to consider claim raised for the first time in opposition to motion to

dismiss because "a party is not entitled to amend its complaint through statements made

in motion papers.") Indeed, plaintiff even filed a First Amended Complaint, expanding on

the allegations of her initial complaint, and still failed to allege this timeliness argument.

Moreover, plaintiff refers in this allegation to a portion of the Policy which refers to any

13

additional investigation following the deliberation of the Adjudication Panel.  Murphy Aff. Ex. A, p. 53.  There is no allegations in this case that such an additional investigation was undertaken.  *See generally*, compl.

Plaintiff also generally alleges that the defendants breached their duties in commencing a disciplinary proceeding and in conducting a "biased investigation and adjudication process."  (Dkt. 26, p. 22).  This general and conclusory statement fails to address the defendants' entitlement to dismissal of the breach of contract action based upon Union's full compliance with the Policy set forth in Point V of its motion to dismiss. (Dkt. 23-3, pp. 2–10, 26–32).

It is also important to note that, even though Union fully complied with the Policy in investigating and adjudicating plaintiff's complaint, Union's complete compliance with the Policy is not the applicable standard.  Rather, the standard is "whether the institution acted arbitrarily or whether it substantially complied with its own rules and regulations." Routh v. Univ. of Rochester, 981 F. Supp. 2d 184, 208 (W.D.N.Y. 2013).  The First Amended Complaint clearly shows that Union substantially complied with the Policy in investigating and adjudicating plaintiff's complaint.

Based on the foregoing, plaintiff failed to rebut the defendants' entitlement to dismissal of its breach of contract action, and therefore plaintiff's fifth cause of action must be dismissed.

## CONCLUSION

Based the foregoing, the defendants respectfully request an Order dismissing plaintiff's complaint, with prejudice and on the merits, pursuant to Federal Rule of Civil Procedure 12(b)(6), together with such other and further relief the Court may deem just and proper.

DATED:      May 28, 2019

                                         CARTER, CONBOY, CASE, BLACKMORE,
                                            MALONEY & LAIRD, P.C.

                                         By: _____
                                            MICHAEL J. MURPHY
                                            Bar Roll No.: 102244
                                         Attorneys for Defendants
                                         Office and P.O. Address
                                         20 Corporate Woods Boulevard
                                         Albany, NY  12211-2396
                                         Phone: (518) 465-3484
                                         E-Mail: mmurphy@carterconboy.com

TO:   NESENOFF & MILTENBERG, LLP
      Attorneys for Plaintiff
      363 Seventh Avenue, Fifth Floor
      New York, NY  10001