UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
JANE DOE,

                                                      Case No: 19-CV-284 GLS/CFH

                     **Plaintiff,**

         **-against-**

UNION COLLEGE; THE BOARD OF TRUSTEES
OF UNION COLLEGE; MELISSA A. KELLEY, individually
and as an agent for Union College; TRISH WILLIAMS,
individually and as an agent for Union College; DARCY A.
CZAJKA, individually and as an agent for Union College,
and ALPHA CHAPTER of THETA DELTA CHI
INTERNATIONAL FRATERNITY at UNION COLLEGE

                               **Defendants.**
--------------------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ALPHA
CHAPTER OF THETA DELTA CHI INTERNATIONAL FRATERNITY at UNION
COLLEGE'S MOTION TO DISMISS**

Dated: July 1, 2019
New York, New York

                                     **NESENOFF & MILTENBERG, LLP**
                                     Andrew T. Miltenberg, Esq.
                                     Gabrielle M. Vinci, Esq.
                                     363 Seventh Avenue, 5th Floor
                                     New York, New York 10001

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................... ii

INTRODUCTION ............................................................................ 1

THE RELEVANT FACTS AS ALLEGED IN THE AMENDED COMPLAINT............. 1

Plaintiff Agrees to Attend a Party Hosted by the Fraternity ................................................ 1

The Fraternity's Sordid History of Targeting and Victimizing Female Party Attendees ... 2

Plaintiff is Targeted and Assaulted by a Male Guest at the Fraternity Party ..................... 2

ARGUMENT ..................................................................................... 3

    I.    THE STANDARD GOVERNING THE FRATERNITY'S RULE 12(b)(6) MOTION TO DISMISS .............................................. 3

    II.    PLAINTIFF HAS PLED A VIABLE NEGLIGENCE CLAIM AGAINST THE FRATERNITY ................................................... 5

    III.    PLAINTIFF'S CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS........................................................ 7

CONCLUSION ................................................................................ 8

i

## **TABLE OF AUTHORITIES**

Cases                                                                                    Page(s)

Akins v. Glens Falls City Sch. Dist.,
53 N.Y.2d 325, 333 (N.Y. 1981)................................................................... 5

Antongorgi v. Bovena,
2007 U.S. Dist. LEXIS 53571 (E.D.N.Y. July 24, 2007) ................................... 4

Armstrong Pharm., Inc. v. Micron Technologies, Inc.,
2010 WL 745057 (D. Mass. Feb. 25, 2010).................................................... 4

Becker v. Schwartz
46 N.Y.2d 401, 410 (1978) ........................................................................... 5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) .................................................................................. 3,4

CB by Suarez v. Howard Security,
158 A.D.3d 157 (1st Dep't 2018) ................................................................. 6

Cuvillier v. Taylor,
503 F.3d 397 (5th Cir. 2007)........................................................................ 3

De Angelis v. Lutheran Med. Ctr.,
58 N.Y.2d 1053 (1986) ................................................................................ 5

Doe v. Brown Univ.,
166 F.Supp.3d 177 (D.R.I. 2016).................................................................. 4

Fitzgerald v. Barnstable Sch. Comm.,
55 U.S. 246 (2009)...................................................................................... 4

Galindo v. Town of Clarkstown,
2 N.Y.3d 663 (2004) ................................................................................... 6

Guest v. Hansen,
2007 WL 4561104 (N.D.N.Y. Dec. 18, 2007) ................................................ 5

Hamilton v. Beretta U.S.A. Corp.,
96 N.Y.2d 222 (2001) .................................................................................. 5

Harrington v. State Farm Fire & Cas. Co.,
563 F.3d 141 (5th Cir. 2009)........................................................................ 3

Iqbal v. Hasty,
490 F.3d 143 (2d Cir. 2007) ................................................................................ 4

Jacqueline S. v. City of New York,
81 N.Y.2d 288 (1993) ......................................................................................... 6

Lefkowitzv. Bank of New York,
679 F. Supp.2d 229 (S.D.N.Y. 2009) .................................................................. 4

Leyva v. Riverbay Corp.,
206 A.D.2d 150 (1st Dep't 1994) ....................................................................... 6

McLain v. Real Est. Bd. Of New Orleans, Inc.,
444 U.S. 232 (1980) ........................................................................................... 4

Nellan v. Helmsley-Spear, Inc.,
50 N.Y.2d 507 (1980) ......................................................................................... 6

Pierce v. Morcau,
221 A.D.2d 762 (3rd Dep't 1995) ....................................................................... 6

Pulka v. Edelman,
40 N.Y.2d 781 (1976) ......................................................................................... 5

Pasternack v. Lab. Corp. of Am. Holdings,
27 N.Y.3d 817 (2016) ......................................................................................... 5

Roman Catholic Diocese of Rockville Centre v. General Reinsurance Corp.,
2016 WL 8793996 (S.D.N.Y. Sept. 23, 2016) .................................................... 3

Solomon v. City of New York,
66 N.Y.2d 1026 (1985) ....................................................................................... 5

Turner v. Pleasant,
663 F.3d 770 (5th Cir. 2011) .............................................................................. 3

U2 Home Entm't, Inc. v. Kylin TV, Inc.,
2007 U.S. Dist. LEXIS 5011(E.D.N.Y. July 11, 2007) ...................................... 3

**INTRODUCTION**

Plaintiff Jane Doe ("Plaintiff"), respectfully submits this memorandum of law in opposition to defendant Alpha Chapter of Theta Delta Chi International Fraternity at Union College's (the "Fraternity's) motion to dismiss the Amended Complaint. In its motion, the Fraternity attempts to abdicate liability for fostering a sexually hostile environment which proximately led to the violent and traumatizing sexual assault on Plaintiff. For the foregoing reasons, the Fraternity's motion to dismiss should be denied.

**THE RELEVANT FACTS AS ALLEGED IN THE AMENDED COMPLAINT[1]**

For the facts of this case, the Court is respectfully referred to the Amended Complaint filed in this matter. See Dkt. #19. The following is but a high-level summary of the relevant facts underlying the instant motion.

**Plaintiff Agrees to Attend a Party Hosted by the Fraternity**

On or about September 3, 2017, on her third day at Union and before classes had even begun, Plaintiff returned in the afternoon to her dorm room from her pre-orientation leadership program. *Cmplt.* ¶ 22. While in her dorm room, Plaintiff agreed to attend a fraternity party hosted by the Fraternity, an all-male organization. *Cmplt.* ¶¶ 23-25.

That evening, as Plaintiff dressed to attend the party, she was offered vodka by one of the other women in her dorm. *Cmplt.* ¶ 39. Plaintiff hesitated accepting the drink because she had not had much prior experience with alcohol but ultimately decided to accept the drink and proceeded to drink one or two shots of straight vodka. *Cmplt.* ¶¶ 39-40.

---

[1] The following facts are taken from Plaintiff's First Amended Complaint filed April 22, 2019, and cited herein as "*Cmplt.* ¶ __".

Thereafter, Plaintiff walked with her suitemate to the Fraternity's house, which was located off-campus. *Cmpl*

**The Fraternity's Sordid History of**
**Targeting and Victimizing Female Party Attendees**

Unbeknownst to Plaintiff, the Fraternity has a historical and sordid reputation for hosting social events which created a sexually unsafe environment for female attendees, and had previously been cited for "aggressive" behavior towards fellow students. *Cmplt.* ¶¶ 26-38. Indeed, the Fraternity was known for routinely hosting large parties wherein female students are targeted and preyed upon. *Cmplt.* ¶¶ 26-27. During such parties, attendees, many of whom are under the legal drinking age, are plied with alcoholic beverages and other substances served directly by the Fraternity. *Cmplt.* ¶ 27. Moreover, the all-male Fraternity brothers strictly control the admission of female guests to the Fraternity's parites, admitting female students primarily based ont heir age, grade level, and their appearance. *Cmplt.* ¶ 28. Many times, the Fraternity members use these large social parties as an excuse to prey upon unsuspecting female students, and, in fact, the Fraternity boasts a reputation for date-raping female party-goers, and is renowned for its members' sexual violence towards women. *Cmplt.* ¶¶ 28-31.

**Plaintiff Is Targeted and Assaulted**
**by A Male Guest at the Fraternity Party**

Upon arriving to the TD Chi house, Plaintiff was shocked to learn that the *only* females allowed into the party were freshman girls. *Cmplt.* ¶ 42. After a brief time at the party, during which time Plaintiff consumed at least two full cups of beer, Plaintiff encountered a then unknown male, "Roe", who followed Plaintiff to the bathroom and struck up a conversation with her. *Cmplt.* ¶¶ 43-48. At some point later, Plaintiff was persuaded to go to Roe's dorm room to smoke marijuana; however, Plaintiff made it inescapably clear to Roe that she had no intention of engaging in any sexual contact with him that evening, or ever. *Cmplt.* ¶¶ 49-51.

2

When Plaintiff and Roe arrived at Roe's apartment, they went to his room where Roe retrieved the marijuana. *Cmplt*. ¶ 54. They then proceeded to smoke the marijuana; causing Plaintiff to feel significant side effects as a result of the marijuana and her earlier alcohol consumption. *Cmplt*. ¶ 55-58. While Plaintiff was incapacitated, Roe proceeded to sexually assault Plaintiff in his bedroom. *Cmplt*. ¶ 59-73.

## ARGUMENT

## I.
## THE STANDARD GOVERNING THE FRATERNITY'S RULE 12(B)(6) MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6) a complaint "'does not need detailed factual allegations,' but must provide the [plaintiff's] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, U2 Home Entm't, Inc. v. Kylin TV, Inc., 2007 U.S. Dist. LEXIS 50131, at *13 (E.D.N.Y. July 11, 2007).

A complaint alleges facts sufficient to provide the grounds on which the claim rests when the stated claim is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. at 570. Thus, a plaintiff must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., at 555-56. See also, Roman Catholic Diocese of Rockville Centre v. General Reinsurance Corp., 2016 WL 8793996, at *3 (S.D.N.Y. Sept. 23, 2016). Notably, "a motion to dismiss under Rule 12(b)(6) 'is viewed with disfavor,'" (Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011) (quoting Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009))), and a complaint may not be dismissed unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support

of [her] claim which would entitle [her] to relief." <u>McLain v. Real Est. Bd. of New Orleans, Inc.</u>, 444 U.S. 232, 246 (1980).

In assessing plausibility, the district court determines whether "the complaint warrant[s] dismissal because it failed *in toto* to render plaintiff[']s entitlement to relief plausible." <u>Bell Atl. Corp.</u>, at 569, n. 14. See also, <u>Doe v. Brown Univ.</u>, 166 F.Supp.3d 177, 184 (D. R. I. 2016) (noting that courts must read a complaint "as a whole" and "there need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action"). When assessing the plausibility of the factual allegations as pleaded, the Court must "assume the truth of the facts as alleged in [Plaintiff's] complaint" (<u>Fitzgerald v. Barnstable Sch. Comm.</u>, 55 U.S. 246, 249 (2009)), interpret all factual allegations in the pleadings in the light most favorable to the nonmoving party, and "draw all reasonable inferences in the plaintiff's favor." <u>Antongorgi v. Bovena</u>, 2007 U.S. Dist. LEXIS 53571, at *3-4 (E.D.N.Y. July 24, 2007). A Court is to consider a motion to dismiss in terms of the plaintiff's actual pleadings, and not in terms of a defendant's selective characterization of the facts. See <u>Armstrong Pharm., Inc. v. Micron Technologies, Inc.</u>, 2010 WL 745057, at *2 (D. Mass. Feb. 25, 2010).

Notably, the requirement that a claim be "plausible on its face" does not require any heightened pleading standards; rather, courts apply a flexible plausibility standard, "which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible, rather than to mandate a 'universal standard of heightened fact pleading.'" <u>Lefkowitz v. Bank of New York</u>, 679 F.Supp.2d 229, 248 (S.D.N.Y. 2009) (quoting <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007)).

Applying the above standard, Plaintiff has certainly pleaded facts sufficient to establish claims for relief under New York State law, and the Fraternity's Motion to Dismiss should be denied

## II.
## PLAINTIFF HAS PLED A VIABLE NEGLIGENCE CLAIM AGAINST THE FRATERNITY

To state a cause of action for negligence under New York law, a plaintiff must allege "the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." Becker v. Schwartz, 46 N.Y.2d 401, 410 (1978). The Fraternity argues that Plaintiff's negligence claim must fail because the Fraternity did not owe Plaintiff any duty of care. The Fraternity's argument should be rejected.

The imposition of duty presents a question of law for the courts, (See Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333 (N.Y. 1981); Pulka v. Edelman, 40 N.Y.2d 781, 782-784 (N.Y. 1976); Guest v. Hansen, 2007 WL 4561104, at *3 (N.D.N.Y. Dec. 18, 2007)), resting on policy considerations of whether plaintiff's interests are entitled to legal protection against defendant's conduct. See De Angelis v. Lutheran Med. Ctr., 58 N.Y.2d 1053, 1055 (N.Y. 1986). "In the absences of a duty, as a matter of law, three can be no liability." Pasternack v. Lab. Corp. of Am. Holdings, 27 N.Y.3d 817, 825 (2016) (quoting Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985)).

When determining whether a duty of care exists, "courts have traditionally balanced such factors as 'the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability.'" Guest v. Hansen, 2007 WL 4561104, at *3 (N.D.N.Y. Dec. 18, 2007) (quoting Hamilton v. Beretta U.S.A. Corp., 96 N.Y.2d 222, 232 (N.Y.2001)).

Generally, there are four special relationships, which give rise to a duty to protect: 1) common carriers and their passengers; 2) innkeepers and their guests; 3) possessors of land and the public to whom they open their land; and 4) custodial relationships. See, Restatement (Second) of

5

Torts § 314A. The Restatement (Third) of Torts: Liability for Physical Harm § 40, Proposed Final Draft No. 1 (April 6, 2005), has added employer-employee, school-student, and landlord-tenant as additional "special relationships."

With respect to common-law duty, "landowners have 'a duty to exercise reasonable care in maintaining [their] … property in a reasonably safe condition under the circumstances' which includes taking minimal safety precautions to protect against reasonably foreseeable criminal acts of third persons." See CB by Suarez v. Howard Security, 158 A.D.3d 157, 164-65 (1st Dep't 2018) (quoting Galindo v. Town of Clarkstown, 2 N.Y.3d 633, 636 (2004) and Jacqueline S. v. City of New York, 81 N.Y.2d 288, 292-95 (1993)). Moreover, a landowner has a duty to a visitor to take protective measures where it is shown that the landowner "either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons … which is likely to endanger the safety of the visitor.'" Leyva v. Riverbay Corp., 206 A.D.2d 150, 152 (1st Dep't 1994).

Here, the First Amended Complaint sufficiently pleads that the Fraternity was not only on notice that the male attendees at its parties intentionally targeted female attendees, but that the Fraternity tacitly condoned and endorsed the victimization of female party-goers, many of whom were subjected to sexual assault and date rape. Cmplt. ¶¶ 26-38. Thus, the Fraternity knew or should have known that there was a likelihood of sexual assault by one of its visitors and had a duty to take preventative measures to protect female attendees, such as Plaintiff, from falling victim to such criminal acts. See Nallan v. Helmsley-Spear, Inc., 50 N.Y.2d 507, 520 (1980). As alleged in the First Amended Complaint, not only did the Fraternity fail to protect Plaintiff, its actions – including, but not limited to, serving Plaintiff and other underage students with alcohol and fostering a social environment geared towards the victimization of female attendees – proximately

led to the damage inflicted on Plaintiff, i.e. her sexual assault while incapacitated from, among other things, alcohol administered to her by the Fraternity. *Cmplt*. ¶¶ 26-38.

The Fraternity's assertion that it cannot be held liable for the intentional assault on Plaintiff because it occurred off of the Fraternity's property is also unavailing. Negligence and premises liability are not limited to attacked that take place inside or on a defendant's property. For example, in <u>Pierce v. Morcau</u>, 221 A.D.2d 762 (3rd Dep't 1995), the Third Department found that the Defendant could be liable for an attack on the plaintiff outside of the defendant's property due to the conduct which occurred on and inside the defendant's property. 221 A.D.2d 762, 762-63. Here, as described above, the Fraternity knew or should reasonably have known that male party attendees were targeting female students by virtue of the known reputation of the Fraternity and the previously documented infractions against the Fraternity. *Cmplt*. ¶¶ 26-38. Accordingly, the Fraternity may be held liable for proximately causing, and tacitly condoning, the sexual assault against Plaintiff.

Accordingly, based on the foregoing, Plaintiff's cause of action for negligence should not be dismissed.

### III.
### PLAINTIFF'S CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS

After review of the Fraternity's motion papers, Plaintiff hereby voluntarily withdraws her Fourth Cause of Action for Intentional and/or Negligent Infliction of Emotional Distress as against the Fraternity.**IV.**

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss should be denied, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         July 1, 2019

                                            **NESENOFF & MILTENBERG, LLP**

                               By: **/s/ Andrew Miltenberg**
                                    **Andrew T. Miltenberg, Esq.**
                                    **Stuart Bernstein, Esq.**
                                    **Gabrielle M. Vinci, Esq.**
                                    **363 Seventh Avenue, Fifth Floor**
                                    **New York, New York 10001**
                                    **(212) 736-4500**
                                    **amiltenberg@nmllplaw.com**
                                    **sbernstein@nmllplaw.com**
                                    **gvinci@nmllplaw.com**

                                  *Attorneys for Plaintiff Jane Doe*

8