UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

                Plaintiff,

   -against-                                  Civil Action No: 1:19-CV-284  GLS/CFH

UNION COLLEGE and THE BOARD OF
TRUSTEES OF UNION COLLEGE,
MELISSA A. KELLEY, Individually and as an
agent for Union College, TRISH WILLIAMS,
Individually and as an agent for Union College,
DARCY CZAJKA, Individually and as an agent
for Union College, and ALPHA CHAPTER of
THETA DELTA CHI INTERNATIONAL
FRATERNITY at UNION COLLEGE,

                Defendants.
_____

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff, Jane Doe ("Plaintiff"), and Defendants, Union College and The Board of Trustees of Union College, Melissa A. Kelley, Individually and as an agent for Union College, Trish Williams, Individually and as an agent for Union College, Darcy Czajka, Individually and as an agent for Union College (collectively "Union" and together with Plaintiff, the "Parties"), acknowledge that discovery in this case may involve confidential information, including mental health records, internal disciplinary records, as well as records related to former and current Union students who are not parties to this litigation ("Non-Party Students"), some of which qualifies as protected education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA").  This Protective Order governs the disclosure and use of such information during the course of this Litigation.

### A. Definitions

1. The term "Document" shall have the meaning provided in Rule 34 of the Federal Rules of Civil Procedure and any applicable local rule, and encompasses any and all writings of any kind, including, without limitation, letters, memoranda, notes, transcripts, computer tapes, discs, printouts, cartridges, recordings, e-mail messages and attachments, text messages, and all similar materials, whether electrically, mechanically, or manually readable.

2. The term "Discovery Materials" means all products of discovery and all information derived therefrom, including, but not limited to, all originals and copies of Documents, objects, or things, deposition transcripts, responses to written discovery, information, or other written, recorded or graphic matter produced by a Party to this litigation or third party who has signed onto this Protective Order (the "Producing Party") in the course of this Litigation.

3. The term "Confidential" means: (1) information that relates to Non-Party Students of Union that may be protected by the Family Educational Records and Privacy Act, 20 U.S.C. § 1232 ("FERPA"); and/or (2) any other information that may properly be designated confidential pursuant to Fed. R. Civ. P. 26, and applicable case law.

4. The term "Confidential Discovery Materials" means all Documents or Discovery Materials produced or discovered in this Litigation that are designated Confidential based on the criteria above.

5. The term "Litigation" shall mean the above-styled case including its appeal, if any.

### B. Scope of Order

1. This Protective Order applies to all Discovery Materials.

2. The Parties will abide by this Protective Order until such time as it is entered by the Court.

3. This Protective Order shall be understood to encompass not only those items or things which are expressly designated as Confidential, but also all copies, excerpts, and summaries thereof, as well as those portions of testimony and oral communications containing Confidential Discovery Materials or information derived therefrom.

4. The terms of this Protective Order shall in no way affect the right of any Party: (a) to withhold information on appropriate grounds such as, for example, attorney/client privilege or work product; (b) to withhold information consistent with the requirements with state and federal law; (c) to make other valid objections to production of materials; or (d) to make any use of its own Discovery Materials that it produces in the course of discovery.

5. Producing or receiving Confidential Discovery Materials, or otherwise complying with the terms of this Protective Order, shall not: (a) prejudice the rights of a Party to apply to the Court for further protective orders; (b) prevent the Parties from seeking a modification of this Protective Order from the Court; or (c) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

C. **Procedures for Documents Containing Information Identifying Non-Party Students**

1. In responding to discovery requests in this case or producing information in support of its defenses, Union may produce responsive non-redacted Non-Party Student Education Records that are otherwise protected by the Family Educational Rights and Privacy Act ("Education Records"), including personally identifiable information, consistent with the procedures set forth in this Order. This Order does not require Union to produce non-redacted Education Records unless it is responsive to a judicial order or lawfully issued subpoena (34 C.F.R. § 99.31(a)(9)(i)). This Order in no way precludes Union from raising any appropriate objections

to any discovery requests or from making motions seeking orders of protection from any such requests, including based on student privacy, nor does Union waive any objection to the production or subsequent admissibility of such records. Any such records will be treated as Confidential pursuant to the terms of this Order.

2. Subject to the terms of any Protective Order, to the extent that any Education Records of or involving Non-Party Students produced by Union are submitted to this Court, personally identifiable information shall be redacted from the document, including any information that could reasonably lead to the identity of the student. Plaintiff's education records, however, need not be redacted except to remove her name or to comply with Fed. R. Civ. P. 5.2. With respect to any information shared with Plaintiff in discovery pursuant to this Order, Plaintiff and her counsel shall not use the documents or any information contained in the documents for any purposes other than this Litigation and shall not disclose such documents or information to anyone unless specifically authorized under section G herein, by order of Court, including any Protective Order, or the agreement of the Parties.

D. **Use of Discovery Materials**

All materials produced in connection with this litigation that are designated as Confidential, shall be used by the Receiving Party for the purposes of this Litigation only including its appeal, if any, and for no other purpose.

E. **Designation of Confidential Information**

1. Counsel for the Producing Party may designate Documents as Confidential by placing the notation "Confidential" or "Confidential – Subject to Protective Order" on every page of each Document so designated or, in the case of Confidential information disclosed in a non-paper medium (e.g., electronically stored information produced in native format, video tape, audio tape, computer disks, etc.) ("Computerized Materials"), the notation "Confidential" or

"Confidential – Subject to Protective Order" shall be affixed to the outside of the medium or its container.  The stamp shall be affixed in such a manner as not to obliterate or obscure any written material.  If a Party is unable to affix a stamp of confidentiality directly on a Document, the Party may designate the material as Confidential by way of a cover letter preceding the production of the Document in question.  Confidential Discovery Materials so designated shall be treated as such by all non-producing Parties to this action (collectively the "Receiving Parties") unless the Court shall rule otherwise.

2.   The designation by any Producing Party of any document as Confidential shall constitute a representation that such Document has been reviewed by an attorney for the designating Party and that there is a good faith belief that such designation is valid.

3.   In the event that a Producing Party elects to produce Documents for inspection, and the Receiving Party elects to inspect them before designating any such Documents for copying, all such Documents shall be treated as Confidential Discovery Materials during the pendency of any inspection period.  Upon selection of specific Documents for copying and production, the Producing Party may affix the appropriate confidentiality designation.  Any information learned, transcribed, or noted by the Receiving Party from Documents inspected but not designated for copying shall be maintained as Confidential Discovery Material if that document inspected is designated as "confidential" even if it is not copied.

4.   Whenever any Party to whom Computerized Material designated as Confidential is produced reduces such material to hard copy form, such Party shall mark such hard copy form with the appropriate confidentiality designation on every page of each document.

5.   With consent by the Parties to the Litigation, any non-party who is producing Discovery Materials in the Litigation may agree to and obtain the benefits of the terms

and protections of this Order by designating as Confidential the Discovery Materials that the non-party is producing, as set forth in Paragraph E(1).  Any third party so designating materials, however, submits to the jurisdiction of this Court for any discovery issues that may arise.

      **F.**     **Non-Disclosure of Confidential Discovery Materials**

Except with the prior written consent of the Party or other person originally producing Confidential Discovery Materials, or as hereinafter provided under this Order, no Confidential Discovery Materials, or any portion thereof, may be disclosed to any person except as set forth in section G below.  However, nothing in this Order shall limit any Party's ability to use or disclose any Confidential Information produced, generated, or authored by that Party.

      **G.**     **Permissible Disclosures of Confidential Discovery Materials**

1. Notwithstanding section F, Confidential Discovery Materials may be disclosed to and used only by:

    a. The named Parties and counsel of record for the Parties in this Litigation and to his/her partners, associates, paralegals, secretaries, law clerks, legal assistants, and employees to the extent considered reasonably necessary to render professional services in the Litigation;

    b. inside counsel of the Parties and their paralegals and staff, to the extent reasonably necessary to render professional services in the Litigation;

    c. court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court, or any mediator agreed upon by the Parties);

    d. any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    e. outside consultants or outside experts consulted or retained for the purpose of assisting counsel in this Litigation;

    f. employees of third party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

    g. any employee of a Party or former employee of a Party, but only to the extent considered necessary for the preparation and trial of this action;

    h. any insurance carrier whose insurance agreement may be liable to satisfy all or party of a possible judgment in the action; and

    i. any other person consented to by the Producing Party.

  2. Before any person identified in subparagraphs (d) through (i) is given access to Confidential Discovery Materials, that person shall be furnished with a copy of this Protective Order and shall sign a Confidentiality Agreement in the form attached hereto as Exhibit A ("Agreement").  The originals of such Agreements shall be maintained by counsel of the Receiving Party until the final resolution of this litigation.  Such Agreement shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

  **H.** **<u>Confidential Information Offered as Evidence at Trial</u>**

  Confidential Discovery Materials and the information therein may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives at least forty-eight hours' notice to counsel for the party or other person that designated the discovery materials or information as Confidential.  Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The

Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such discovery materials or information at trial.

### I. Confidential Information in Depositions

1. Counsel for any Party may show Confidential Discovery Materials to a deponent during deposition. While a deponent is being examined about any Confidential Discovery Materials or the confidential information contained therein, persons to whom disclosure is not authorized under this Protective Order shall be excluded from being present. The witness shall not be permitted to take any documents from the deposition.

2. Parties may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as Confidential. Confidential information within the deposition transcript may be designated by identifying the testimony by page and line number or underlining the portions of the pages that contain said information and marking such pages "Confidential" or "Confidential – Subject to Protective Order." Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as Confidential under this Protective Order. If no Party or deponent timely designates confidential information in a transcript as Confidential, then none of the transcript or its exhibits will be treated as Confidential. If a timely designation is made, the Confidential portions and exhibits shall be kept under seal separate from the portions and exhibits not so marked, and all copies of the Confidential portions and exhibits shall be treated as Confidential pursuant to the terms of this Order.

### J. Inadvertent Failure to Designate

1. <u>Confidential Information</u> – Inadvertent failure to designate materials produced as Confidential may be corrected at any time by written notice, which designation shall operate prospectively pursuant to the terms of this Protective Order. Such inadvertent failure shall

not constitute a waiver of any party's rights under this Protective Order. The information shall be treated by the Receiving Party as Confidential Discovery Materials from the time the Receiving Party is notified in writing of the change in the designation.

      2.    <u>Privileged Information</u> – Inadvertent production of Documents shall not, in and of itself, waive any privilege that would otherwise attach to the Documents produced. For any such claim of inadvertent production, the Parties agree to follow the procedures identified in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure as well as the following:

      a.    Upon discovery of the inadvertent production, the Producing Party shall promptly give all counsel of record notice of the claimed inadvertent production. The notice shall identify the Document or portions of the Document that were inadvertently produced, the date of production, and all reason(s) for the privilege claimed, as well as the reason that the materials were produced. If the Producing Party claims that only a portion of the Document was inadvertently produced, the Party shall provide along with the notice of inadvertent production a new copy of the Document with the allegedly privileged portions redacted.

      b.    A Receiving Party is under a good-faith obligation to notify the Producing Party upon identification of a Document which appears on its face or in light of facts known to the Receiving Party to be potentially privileged. Such notification shall not waive the Receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified Document. Subsequent to notification by the Receiving Party, the Producing Party shall provide notice to the Receiving Party within ten (10) days of notification if the Producing Party believes the Document to be privileged and inadvertently produced.

      c.    Upon receiving notice of inadvertent production, the Receiving Party must promptly sequester the specified information and any copies it has and may not use or

disclose the information until the claim is resolved. If the Receiving Party disclosed the information prior to notification from the Producing Party, it must take reasonable steps to prevent further use of such information until the claim is resolved.

d. In the absence of an agreement of the Parties on the claim of inadvertent production and privilege, the Producing Party shall promptly move for a ruling concerning the inadvertency of the production and the validity of the privilege claim. Upon resolution of an inadvertent production claim in favor of the Producing Party, the Receiving Party will make good-faith efforts to locate and to return to the Producing Party or to destroy the originally produced non-redacted Documents and all copies. Nothing herein shall be construed to prevent a Receiving Party from moving the Court for a resolution on the validity of the privilege claim.

### K.   Challenge to Confidential Designation/Redaction

1. Should counsel for any of the Receiving Parties object to the designation by the Producing Party of any particular material as Confidential, such counsel at any time may notify counsel for the Producing Party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been classified improperly and the basis for his or her contention that said Document should not be designated as Confidential. Upon receipt by the Producing Party of such written objection, counsel for the Producing Party shall then have a reasonable time to advise the Receiving Party of the specific reasons for its claim of confidentiality, and whether or not it will change the designation. Counsel shall negotiate in good faith to resolve the dispute as to the designation.

2. If counsel are unable to agree upon the handling of the disputed material, either Party may apply by motion to the Court for appropriate rulings from the Court. In the event of such application, the designating party shall have the burden of proof on such motion to establish

the propriety of its designation.  During the pendency of any such objection, dispute, or motion, the material in question shall be handled as Confidential.

### L.  **Filing Documents With the Court**

1. Except upon agreement of the Producing Party, Documents containing or referring to the Confidential Discovery Material shall not be filed with the clerk of Court. Documents requiring the Court's review shall be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted Confidential Discovery Material pertains, and the name and telephone number of counsel submitting the documents.  The filing party shall maintain the original documents intact for any further review.  A redacted copy of all documents, redacting all Confidential Discovery Material or references to Confidential Discovery Material and references to any Non-Party Student, shall be filed with the clerk of court for the record.  If a Party feels the need to file the document with the Court in un-redacted format for purposes of creating a record, the Party shall first obtain an order from the court permitting the filing, and seeking to file the document under seal.

2. If a Party obtains leave of the Court to submit Confidential Documents under seal, in every submission or filing with the Court, every Document (including motions, memoranda, deposition transcripts, or other items) containing Confidential information shall be filed with the Clerk under seal in an envelope or container, in accordance with Local Rule 5.3 where applicable, and on the face of which shall be stamped the following:

**CONFIDENTIAL**

This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated _____, shall not be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

3. Said Confidential Documents shall be kept under seal until further order of the Court; however, Confidential Documents filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Confidential information contained therein under the terms of this Order.

### M. Non-Termination at Conclusion of Litigation

1. Within sixty (60) calendar days after final judgment in this Litigation, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order shall destroy or return to the Producing Party all materials and documents containing Confidential information, and certify to the Producing Party such destruction or return.

2. Nothing in this Protective Order shall prevent counsel for the Receiving Party from retaining attorney work product such as any summaries or other documents or writings prepared by or for said counsel that contain or refer to Confidential information, provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in this Protective Order. The provisions of this Protective Order shall not terminate upon the conclusion of this Litigation, and the Court will retain jurisdiction to enforce it.

3. Neither the final resolution or termination of this Litigation nor the termination of employment of any person who has access to any Confidential Discovery Materials shall relieve such person from the obligation of maintaining the confidentiality of such information.

**N.** **<u>Remedies</u>**

1. All remedies available to any Party injured by a violation of this Protective Order are fully reserved.

2. Any Party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

AGREED TO BY:

| | |
|---|---|
| NESENOFF & MILTENBERG, LLP | BARCLAY DAMON LLP |
| By: /s/ Gabrielle Vinci<br>Andrew T. Miltenberg, Esq.<br>Stuart Bernstein, Esq.<br>Gabrielle M. Vinci, Esq.<br>363 Seventh Avenue<br>New York, New York 10001 | By: /s/ Michael J. Murphy<br>Michael J. Murphy, Esq.<br>80 State Street<br>Albany, New York 12207 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

Dated: _____

It is so ORDERED:

_____
CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE

**Exhibit A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

            Plaintiff,

   -against-                                  Civil Action No: 1:19-CV- 284 GLS/CFH

UNION COLLEGE and THE BOARD OF
TRUSTEES OF UNION COLLEGE,
MELISSA A. KELLEY, Individually and as an
agent for Union College, TRISH WILLIAMS,
Individually and as an agent for Union College,
DARCY CZAJKA, Individually and as an agent
for Union College, and ALPHA CHAPTER of
THETA DELTA CHI INTERNATIONAL
FRATERNITY at UNION COLLEGE,

            Defendants.
_____

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT, OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

       Confidential Discovery Materials as defined in the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

       I have been given a copy of and have read the Protective Order.

       I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

       I submit to the jurisdiction of this Court for enforcement of the Protective Order.

       I agree not to use any Confidential Discovery Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned Litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated such information as Confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

    I understand that I am to retain all Confidential Discovery Materials in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Discovery Materials are to be returned to counsel who provided me with such documents and materials.

Dated: _____    By: _____
                    Title: